United States District Court
Southern District of Texas
**ENTERED**
January 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAUL MENDIOLA, § | |
| § | |
| Plaintiff, § | MISC ACTION NO. 7:16-MC-00432 |
| V. § | |
| § | |
| WARDEN "JOHN/JANE DOE," et al., § | |
| § | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, Raul Mendiola, has filed a proposed complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 in connection with his medical care while confined at the East Hidalgo Detention Center (Dkt. No. 1) and a motion to proceed *in forma pauperis* ("IFP") (Dkt. No. 7). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

On August 7, 2018, the undersigned denied Plaintiff's motion to proceed IFP. (Dkt. No. 10). Plaintiff was given 30 days to pay the full filing fee. (*Id.*). Plaintiff was also advised that failure to pay the filing fee may result in the dismissal of this action. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not paid his filing fee.

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's § 1983 action (Dkt. No. 1) be **DISMISSED** without prejudice for want of prosecution. It is further recommended that this case be closed.

### I.   BACKGROUND AND APPLICABLE LAW

Plaintiff proceeds pro se. At the time Plaintiff filed his complaint he was incarcerated in the Beaumont Medium Federal Prison in Beaumont, Texas. (Dkt. No. 1-1). As of April 15, 2016, he had been released from the custody of the Bureau of Prisons. (*See* Dkt. No. 6). As

explained in the Court's previous order, Plaintiff's release from prison meant that he was no longer eligible to pay as a prisoner would, with installment payments withdrawn from his inmate trust account. The full filing fee would have to be paid before his case may proceed. *See* 28 U.S.C. § 1915(b)(1); *Griffin v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615, at *2 (N.D. Tex. Nov. 27, 2017); *Mabry v. TDCJ*, No. 4:10-CV-520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013); *Kohoutek v. Dallas Cty. Sheriff's Dep't*, No. 3:10-CV-1780-B-BH, 2010 WL 4721347, at *1 (N.D. Tex. Oct. 29, 2010).

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 370 U.S. at 629-31.

The undersigned finds that Plaintiff's action should be dismissed without prejudice for the following reasons. Plaintiff last communicated with the Court in March of 2016, providing an address after his release from prison. (Dkt. No. 6). The Court's previous order, advising Plaintiff that he must pay the full filing fee within 30 days, was issued on August 7, 2018 and was sent by certified mail to Plaintiff. (*See* Dkt. Data Entry, dated Aug. 7, 2018). The docket reflects that the Order was received. (*See* Dkt. Data Entry, dated Aug. 8, 2018).

As of the date of this Report and Recommendation, Plaintiff has not paid his filing fee. Plaintiff's failure to comply with the Court's order and failure to pay the filing fee provides an adequate basis for dismissal without prejudice. *See, e.g., Larson v. Scott*, 157 F.3d 1030, 1031-

32 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution).

## II. CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned recommends that Plaintiff's § 1983 action be **DISMISSED** without prejudice for want of prosecution. It is further recommended that the case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 8th day of January, 2019, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge